UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MARS SNACKFOOD US, LLC

                Plaintiff,

- against -

CERES COMMODITIES GROUP, LLC

                Defendant.
------------------------------------------------------------x

08 Civ. 5265 (GL)

**AFFIDAVIT FOR**
**JUDGMENT BY DEFAULT**

STATE OF NEW YORK  )
                           ) ss.:
COUNTY OF NEW YORK  )

      David J. Stone, being duly sworn, deposes and says:

      1.    I am a member of the Bar of this Court, and am associated with the firm of Greenberg Traurig LLP, attorneys for plaintiff in the above-entitled action, and I am familiar with all the facts and circumstances in this action.

      2.    I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of plaintiff's application for the entry of a default judgment against defendant. The party against whom a notation of default is sought is not an infant, in the military or an incompetent person.

      3.    This is an action to recover $444,902.94 owed by defendant to plaintiff for breach of contract, goods had and received, open account and account stated.

      4.    Jurisdiction of the subject matter of this action is based on 28 U.S.C. § 1332, Diversity jurisdiction.

      5.    This action was commenced on June 9, 2008 by the filing of the summons and complaint (a copy of the Summons and Complaint are attached hereto as Exhibit A). A copy

of the summons and complaint was served on the defendant on June 10, 2008, by personal service on Roland G. Sanchez, Chief Executive Officer, Ceres Commodities Group LLC, and proof of service by the Special Process Server was filed. (A copy of the Proof of Service is attached hereto as Exhibit B.) The defendant has not answered the complaint and the time for the defendant to answer the complaint has expired. (A copy of the Clerk's Certificate is attached hereto as Exhibit C.)

6.      This action seeks judgment for the liquidated amount of $444,902.94, plus interest at 9% as set forth in the attached Annex A for a total as of August 6, 2008 of $471,321.24, as shown by the annexed Statement, which is justly due and owing, and no part of which has been paid except as therein set forth.

7.      An inquest on the amount of damages is not necessary. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that, in order to determine the amount of damages in the context of a default judgment, "the court may conduct . . . a hearing." The Second Circuit has held that, under Rule 55(b)(2), "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir.1989); *see also Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir.1993) ("not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation ...' "); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir.1991) (where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary).

2

8. Plaintiff seeks damages in the amount of unpaid invoices for goods received by defendant in the amount of $444,902.94, plus interest. (Copies of the subject invoices are attached hereto as Exhibit D.) The amount of Plaintiff's damages are clear from the face of the invoices, and no inquest is necessary.

9. The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

WHEREFORE, plaintiff requests the entry of Default and the entry of the annexed Judgment against defendant.

_____
David J. Stone

Sworn to before me this 13th day of August, 2008

_____
Notary Public

CHRISTY SCHAEFFER
Notary Public, State of New York
No. 31-4769958
Qualified in New York County
Commission Expires August 31, 2010

Annex A

Unpaid Invoices:

(1) Invoice # 44:  Principal: $ 55,915.43   Simple Interest (9%):   $4,880.73 (from 8/18/07)

(2) Invoice #68:  Principal: $222,404.00   Simple Interest (9%):   $10,693.67 (from 1/24/08)

(3) Invoice #121: Principal: $166,583.52  Simple Interest (9%):   $10,843.90 (from 11/16/07);

for a total principal amount of $444,902.95 and a total interest amount of $26,418.30.

JUDGE LYNCH

'08 CIV 5265

RECEIVED
JUN 09 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARS SNACKFOOD US, LLC,

                Plaintiff,

v.

CERES COMMODITIES GROUP, LLC,

                Defendant.

-------------------------------------------------------x

Case No.

COMPLAINT FOR BREACH OF CONTRACT

Plaintiff Mars Snackfood US, LLC (formerly known as Masterfoods USA) ("Mars"), alleges as follows against Defendant Ceres Commodities Group ("Ceres"):

## INTRODUCTION

1. This is an Action for breach of contract, goods had and received, and open account, in which Plaintiff Mars sues Defendant Ceres for non-payment of three invoices representing shipments of cocoa beans sold by Plaintiff to Defendant, for which Plaintiff is owed the aggregate amount of $444,902.94.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332, because Plaintiff and Defendant are corporate citizens of different States and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

3. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(a)(1) because the defendant resides in this District.

1

## PARTIES

4.  Plaintiff Mars is a limited liability company organized and existing under the laws of the State of Delaware. Its corporate headquarters are in Hackettstown, New Jersey. Plaintiff is a member of the group of companies ultimately owned by Mars, Incorporated, located in McLean, Virginia. Plaintiff is a manufacturer of, *inter alia*, chocolate confectionery products, and therefore is a buyer and occasional seller of cocoa beans.

5.  On information and belief, Defendant Ceres is a New York corporation, with headquarters in New York, New York. Ceres is a commodity trader and broker, with whom Mars has done business for a number of years.

## FACTS

6.  On or about May 7, 2007, Defendant placed an order with Plaintiff for 12.357 metric tons of Hispaniola cocoa beans, at $4,525.00 per metric ton, for a total of $55,915.42. Goods conforming in all respects to the order were duly shipped, and an invoice (#44) was issued on August 8, 2007. The terms of payment of the invoice were net ten days. Defendant has failed to pay this amount.

7.  On or about June 27, 2007, Defendant placed an order with Plaintiff for 97.760 metric tons of Sanchez cocoa beans, at $2,275.00 per metric ton, for a total of $222,404.00. Goods conforming in all respects to the order were duly shipped, and an invoice (#68) was issued on January 14, 2008. The terms of payment of the invoice were net ten days. Defendant has failed to pay this amount.

8.  On or about October 31, 2007, Defendant placed an order with Plaintiff for 79.920 metric tons of Haitian cocoa beans, at $2,160.00 per metric ton, for a total of

$166,583.52. Goods conforming in all respects to the order were duly shipped, and an invoice (#121) was issued on November 6, 2007. The terms of payment of the invoice were net ten days. Defendant has failed to pay this amount.

9. The total amount in which Defendant remains indebted to Plaintiff is the sum of the three invoices referenced above, or $444,902.94.

10. Repeated written and oral demands for payment of the aforementioned debt have been ignored or rebuffed by Defendant.

### COUNT ONE: BREACH OF CONTRACT

11. The allegations of paragraphs 1-10, *supra*, are re-alleged as if set forth in full herein.

12. According to the terms of the contract between Plaintiff and Defendant, by which Plaintiff performed by delivering fully merchantable cocoa beans to Defendant as recited above, Defendant was obligated to pay the invoice amount for each shipment. In the specific instances noted herein, Defendant failed to pay those amounts.

13. The failure or refusal of Defendant to pay for the shipments of cocoa beans delivered to it by Plaintiff constitutes a breach of the contract between the parties, causing Plaintiff injury in the amount of $444,902.94.

### COUNT TWO: GOODS HAD AND RECEIVED

14. The allegations of paragraphs 1-10, *supra*, are re-alleged as if set forth in full herein.

15. As from the date of receipt of each of the shipments of cocoa beans noted above, Defendant has had possession and use of the fully merchantable cocoa beans sold to it by Plaintiff, and has been able to profit thereby, although it has failed to pay for those goods.

16. The failure or refusal of Defendant to pay for the shipments of cocoa beans delivered to it by Plaintiff, although it has received them and has taken possession of them, has caused Plaintiff injury in the amount of $444,902.94.

## COUNT THREE: OPEN ACCOUNT

17. The allegations of paragraphs 1-10, *supra*, are re-alleged as if set forth in full herein.

18. Plaintiff sold goods, including cocoa beans, to Defendant on an open account basis.

19. The unliquidated balance of the account between Plaintiff and Defendant is currently $444,902.94, representing the three unpaid invoices detailed above.

## COUNT FOUR: ACCOUNT STATED

20. The allegations of paragraphs 1-10, *supra*, are re-alleged as if set forth in full herein.

21. Plaintiff sent invoices to Defendant in the amount of 444,902.94.

22. Defendant never objected to the amount of the invoices and never paid the invoices.

23. Defendant has harmed Plaintiff in the amount of $44,902.94.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mars Snackfood US, LLC, prays for relief against Defendant as follows:

a) ASSUME jurisdiction over this Action;

b) AWARD damages to Plaintiff and against Defendant in the amount of $444,902.94, plus pre-judgment and post-judgment interest as allowed by law; and

c)      GRANT to Plaintiff such additional relief as to the Court shall appear just and equitable.

June 9, 2008  
New York, New York

GREENBERG TRAURIG, LLP

By: _____  
David J. Stone (DS-0232)  
MetLife Building  
200 Park Avenue  
New York, New York 10166  
Telephone: (212) 801-9200  
Facsimile: (212) 801-6400  
Email: Dstone@gtlaw.com

and

Steven M. Schneebaum  
GREENBERG TRAURIG LLP  
2101 L Street, N.W.  
Washington, D.C. 20037  
Tel.: (202) 530-8544  
Email: schneebaums@gtlaw.com

*Attorneys for Mars Snackfood US, LLC.*



B 151—Affidavit of Service of Summons or Subpoena: Personal or Alternative Methods: Corp. or Ind.; Military Service, 10 pt. type, 1-95

**COURT** UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

**COUNTY OF**

MARS SNACKFOOD US LLC,

Index No. 08 CIV 5265 (GEL)

Plaintiff(s)

against

CERES COMMODITY GROUP, LLC,

Defendant(s)

**AFFIDAVIT OF SERVICE OF SUMMONS (AND COMPLAINT) IN A CIVIL ACTION, BREACH OF CONTRACT, CIVIL COVER SHEET, RULE 7.1 STATEMENT, INDIVIDUAL PRACTICES OF JUDGE FRANCIS, INDIVIDUAL PRACTICES IN CIVIL CASES GERARD E. LYNCH, UNITED STATES DISTRICT JUDGE**

STATE OF NEW YORK, COUNTY OF NEW YORK SS: The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at CORONA, NEW YORK

That on 6/10/08 at 3:15 P.M., at 420 MADISON AVENUE, NEW YORK, NEW YORK deponent served the within summons, and complaint on IN A CIVIL ACTION, BREACH OF CONTRACT, CIVIL COVER SHEET, RULE 7.1 STATEMENT, INDIVIDUAL PRACTICES OF JUDGE FRANCIS, INDIVIDUAL PRACTICES IN CIVIL CASES GERARD E. LYNCH, UNITED STATES DISTRICT JUDGE CERES COMMODITY GROUP, LLC defendant therein named.

**INDIVIDUAL** 1. ☐ by delivering a true copy of each to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

**CORPORATION** 2. ☒ a FOREIGN LIMITED LIABILITY COMPANY (FLLC), by delivering thereat a true copy of each to ROLAND G. SANCHEZ personally, deponent knew said FLLC so served to be the FLLC described in said summons as said defendant and knew said individual to be CHIEF EXECUTIVE OFFICER/MANAGER thereof.

**SUITABLE AGE PERSON** 3. ☐ by delivering thereat a true copy of each to a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.** 4. ☐ by affixing a true copy of each to the door of said premises, which is defendant's—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4** 5A. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known residence, at and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 3 OR 4** 5B. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to defendant at defendant's actual place of business, at in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

**DESCRIPTION USE WITH 1, 2, OR 3** ☒

| | | | | | |
|---|---|---|---|---|---|
| ☒ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☒ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☒ 5'9"-6'0" | ☒ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

**USE IN NYC CIVIL CT.** ☐ The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

**MILITARY SERVICE** ☐ I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on 6/13/08

JOHN DICANIO
Notary Public, State of New York
No. 01DI4977768
Qualified in Westchester County
Commission Expires Feb. 11, 2011

PRINT NAME BENEATH SIGNATURE
JUAN D. AGUIRRE

License No. 843839

AO 440 (Rev. 8/01) Summons in a Civil Action

FILE COPY

# UNITED STATES DISTRICT COURT

Southern  District of  New York

Mars Snackfood US LLC,



**SUMMONS IN A CIVIL ACTION**

Ceres Commodity Group, LLC,

CASE NUMBER: 08 (CV)



08 CIV 5265

TO: (Name and address of Defendant)

Ceres Commodity Group
420 Madison Avenue
New York, New York 10017

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

David J. Stone
Greenberg Traurig LLP
200 Park Avenue
New York, New York 10166

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**  JUN 0 9 2008

CLERK  DATE

(By) DEPUTY CLERK

American LegalNet, Inc.
www.FormsWorkflow.com

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE ||
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES |||
|---|---|---|
| TRAVEL | SERVICES | TOTAL $ |

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                            *Date*                     *Signature of Server*

                                                        _____
                                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

American LegalNet, Inc.
www.FormsWorkflow.com

FILE COPY

**Service of Process:**
1:08-cv-05265-GEL MARS Snackfood US, LLC. v. Ceres Commodities Group, LLC-ECF



**U.S. District Court**

**United States District Court for the Southern District of New York**

**Notice of Electronic Filing**

The following transaction was entered by Stone, David on 6/13/2008 at 7:04 PM EDT and filed on 6/13/2008

**Case Name:** MARS Snackfood US, LLC. v. Ceres Commodities Group, LLC
**Case Number:** 1:08-cv-5265
**Filer:** MARS Snackfood US, LLC.
**Document Number:** 3

**Docket Text:**
**AFFIDAVIT OF SERVICE of Summons and Complaint. Ceres Commodities Group, LLC served on 6/10/2008, answer due 6/30/2008. Service was accepted by Roland G. Sanchez, CEO/ Manager. Document filed by MARS Snackfood US, LLC.. (Attachments: # (1) Exhibit Summons)(Stone, David)**

**1:08-cv-5265 Notice has been electronically mailed to:**

David Jay Stone    dstone@gtlaw.com, gtcourtalert@gtlaw.com

**1:08-cv-5265 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=6/13/2008] [FileNumber=4698079-0
] [907ac0b06016b02da5e7f46940654fa2e7c202309f1b5ef026d60e3093b76be693f
c4e2f5afb0fa316304e50a30179587a0c0e40c36f7270b67a0a326a833767]]
**Document description:** Exhibit Summons
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=6/13/2008] [FileNumber=4698079-1
] [6814b0333d1ac91befbc73fe92086c6d1280b400cc7538eb0264abd8e31bfeacdaf
45e428d29a2cf966e57935d7053041df979357278abbb9664e5091661abfa]]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

MARS SNACKFOOD US, LLC

                Plaintiff,

- against -

CERES COMMODITIES GROUP, LLC

                Defendant.
------------------------------------------------------------- x

08 Civ. 5265 (GEL)

**CLERK'S CERTIFICATE**

      I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on June 9, 2008 with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant by serving the NYS Secretary of State and Ceres Commodities Group, LLC, by hand, and proof of such service thereof was filed on June 17, 2008.

      I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated: New York, New York
           Aug 7, 2008

                                                **J. MICHAEL MCMAHON**
                                                Clerk of the Court

                                     By: _____
                                                      Deputy Clerk

WDC 371,661,539v1

**Masterfoods USA**
A Mars, Incorporated Company
800 High Street
Hackettstown, NJ 07480
USA
Phone: (908) 852-1000  Fax: (908) 850-7523

## Invoice

CERES COMMODITIES GROUP
Attn:  ROLAND SANCHEZ

420 MADISON AVE.
NEW YORK, NY 10017

Shipped:
CERES COMMODITIES GROUP

420 MADISON AVE.
NEW YORK, NY 10017

| | |
|---|---|
| Invoice Number | 44 |
| Invoice Date | 8/8/2007 |
| P.O. Number | |
| Order Date | 5/7/2007 |
| Terms: | |
| Contact Name | ROLAND SANCHEZ |
| Phone Number: | (212) 549-3299 |
| Fax Number: | (212) 980-3537 |
| Ship Date | 5/7/2007 |
| Ship Via | |

| Product Line Total | Description | Quantity in | MTs | Unit Price | MTs |
|---|---|---|---|---|---|
| C.B.HISPANOLA | 2381 | 12.357 | | $4,525.0000 MT | $55,915.43 |
| | Total Quantity | 12.357 MTs | | Subtotal | $55,915.42 |
| | | | | Freight Charge | $0.00 |
| | | | | Sales Tax | $0.00 |
| | | | | Order Total | $55,915.42 |
| Attn:  / | | | | Total Payments | |
| | | | | Total Due | $55,915.42 |

**Thank you for placing your order with us!**

**Masterfoods USA**
A Mars, Incorporated Company
800 High Street
Hackettstown, NJ 07480
USA
Phone: (908) 852-1000  Fax: (908) 850-7523

## Invoice

CERES COMMODITIES GROUP
Attn: ROLAND SANCHEZ

420 MADISON AVE.
NEW YORK, NY 10017

Shipped:
CERES COMMODITIES GROUP

420 MADISON AVE.
NEW YORK, NY 10017

| | |
|---|---|
| Invoice | 68 |
| Invoice | 1/14/2008 |
| P.O. | |
| Order | 6/27/2007 |
| Terms: | |
| Contact Name | ROLAND SANCHEZ |
| Phone | (212) 549-3299 |
| Fax Number: | (212) 980-3537 |
| Ship | |
| Ship Via | |

| Product Line Total | Descriptio | | Quantity in | MTs Unit | MTs |
|---|---|---|---|---|---|
| C.B. SANCHEZ | 2389 | | 97.760 | $2,275.0000 MT | $222,404.00 |
| | | Total | 97.760 MTs | Subtotal | $222,404.00 |
| | | | | Freight | $0.00 |
| | | | | Sales Tax | $0.00 |
| | | | | Order Total | $222,404.00 |
| Attn: / | | | | Total Payments | |
| | | | | Total Due | $222,404.00 |

Page 1 of 1

**Masterfoods USA**
A Mars, Incorporated Company
800 High Street
Hackettstown, NJ 07480
USA
Phone: (908) 852-1000  Fax: (908) 850-7523

## Invoice

CERES COMMODITIES GROUP
Attn: ROLAND SANCHEZ

420 MADISON AVE.
NEW YORK, NY 10017

Shipped:
CERES COMMODITIES GROUP

420 MADISON AVE.
NEW YORK, NY 10017

| | |
|---|---|
| Invoice Number | 121Final |
| Invoice Date | 11/6/2007 |
| P.O. Number | |
| Order Date | 10/31/2007 |
| Terms: | |
| Contact Name | ROLAND SANCHEZ |
| Phone Number: | (212) 549-3299 |
| Fax Number: | (212) 980-3537 |
| Ship Date | |
| Ship Via | |

| Product | Description | Quantity in | MTs | Unit Price | MTs |
|---|---|---|---|---|---|
| Line Total | | | | | |
| C.B. HAITI | Delivery order # 2424 | 77.12 | | $2,160.0000 MT | $166,583.52 |
| | Total Quantity | 79.920 MTs | | Subtotal | 166,583.52 |
| | | | | Freight Charge | $0.00 |
| | | | | Sales Tax | $0.00 |
| | | | | Order Total | 166,583.52 |
| | | | | Total Payments | |
| | | | | Total Due | 166,583.52 |

Page 1 of 1

COURTESY COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
MARS SNACKFOOD US, LLC,           :    Case No. 08 Civ. 5265 (GEL)
                    Plaintiff,    :
        v.                        :    DEFAULT JUDGMENT
CERES COMMODITIES GROUP, LLC,     :
                    Defendant.    :
------------------------------------------------x

This action having been commenced on June 9, 2008, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been personally served on the defendant Ceres Commodities Group, LLC, on June 10, 2008, and a proof of service having been filed on June 17, 2008, and the defendant having not answered the Complaint, and the time for answering the Complaint having expired, it is

ORDERED, ADJUDGED AND DECREED: That the plaintiff have judgment against defendant on the following invoices in the following amounts:

(1) Invoice # 44:   Principal: $ 55,915.43   Simple Interest (9%):   $4,880.73 (from 8/18/07)

(2) Invoice #68:    Principal: $222,404.00   Simple Interest (9%):   $10,693.67 (from 1/24/08)

(3) Invoice #121:   Principal: $166,583.52   Simple Interest (9%):   $10,843.90 (from 11/16/07)

for a total principal amount of $444,902.94 and a total interest amount of $26,418.30, plus costs and disbursements of this action in the amount of $350.00, amounting in all to $471,671.24.

1

Dated: New York, New York

_____                         _____
                                                              U.S.D.J.

                                               This document was entered on the docket on
                                               _____.